# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 3:14-cr-00063-LRH-VPC |
| v. | <u>ORDER</u> |
| JENNIFER FULCHER, | |
| Defendant. | |

Before the court is petitioner Jennifer Fulcher's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 52. The United States filed a response (ECF No. 56), but Fulcher failed to reply. Because Fulcher was not sentenced under the Armed Career Criminal Act ("ACCA") or under a federal statute or sentencing guideline that incorporates a crime-of-violence definition, the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) is inapplicable to her sentence. The court will therefore deny her motion and deny her a certificate of appealability.

**I. Background**

On April 13, 2015, Fulcher, having reached a plea agreement with the United States, pled guilty to one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. ECF Nos. 36–37. On July 21, 2015, this court sentenced her to 70 months of imprisonment. ECF Nos. 48–49.

///

## II. Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b).

## III. Discussion

### A. Fulcher is not entitled to relief

Fulcher argues that she is entitled to relief under *Johnson v. United States*. There, the U.S. Supreme Court ruled that a portion of the ACCA's violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness"). *Johnson*, 135 S. Ct. at 2557. The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g), such as being a felon in possession of a firearm under § 922(g)(1). 18 U.S.C. § 924(e). Normally, a defendant convicted of unlawful possession of a firearm may be sentenced to a statutory maximum of 10-years' imprisonment. *Id.* § 924(a)(2). However, if a defendant has three prior convictions that constitute either a "violent felony" or "serious drug offense," the ACCA enhances the 10-year maximum sentence to a 15-year minimum sentence. *Id.* § 924(e)(1).

The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255. *See, e.g., United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667, at *1 (D. Nev. Jan. 3, 2017).

Moreover, *Johnson* has also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines ("U.S.S.G.") that incorporate a "crime-of-violence"

2

definition that includes a residual clause similar or identical to the ACCA's. Although some of these issues are currently being litigated, the Supreme Court ruled several weeks ago that, unlike the ACCA, the U.S. Sentencing Guidelines are not subject to void-for-vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886 (2017). Thus, even if a defendant was sentenced under a guideline that incorporates a crime-of-violence definition, she has no basis for relief under *Johnson*.

Here, Fulcher was convicted of conspiracy to distribute a mixture of a substance containing a detectable amount of methamphetamine. The ACCA is therefore inapplicable, and the offense does not incorporate a violent-felony or crime-of-violence definition. *See* 21 U.S.C. §§ 841, 846. Additionally, none of the guidelines applicable to Fulcher's sentence incorporate these definitions. *See* ECF No. 37 at 5–8. And even if this were not the case, *Beckles* precludes such a guideline from serving as a basis of relief under *Johnson*. Accordingly, the court will deny Fulcher's motion.[1]

B.  **The court will deny Fulcher a certificate of appealability**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

---

[1] The United States has also argued that Fulcher waived her right to collaterally challenge her sentence in her plea agreement and that her instant motion is thus barred. ECF No. 56 at 3 (citing ECF No. 37 at 16). Because the court has already found that Fulcher is not entitled to relief, it need not reach this question.

As discussed above, *Johnson v. United States* is inapplicable to Fulcher's sentence, and she has therefore failed to make any showing of a denial of a constitutional right. The court will therefore deny her a COA.

IV. **Conclusion**

IT IS THEREFORE ORDERED that petitioner Jennifer Fulcher's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) is **DENIED**.

IT IS FURTHER ORDERED that Fulcher is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that Fulcher's motion to appoint counsel (ECF No. 53) is **DENIED as MOOT**.

IT IS SO ORDERED.

DATED this 4th day of May, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE